**SUMMONS IN A CIVIL ACTION**    **COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| CASE NO. CV16863174 | D1 FX | SUMMONS NO. 29140025 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

```
        JEFFREY SONKIN                  PLAINTIFF
             VS
        ALLY FINANCIAL INC.             DEFENDANT
```

## SUMMONS

```
ALLY FINANCIAL INC.
C/O CT CORPORATION SYSTEM
1300 EAST 9TH STREET
CLEVELAND OH 44114
```

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plantiff's Attorney**

```
MICHAEL L FINE
3684 SILSBY ROAD

UNIVERSITY HEIGHTS, OH 44118
```

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
JOHN P O'DONNELL
Do not contact judge. Judge's name is given for
attorney's reference only.
```

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE |
|---|
| May 12, 2016 |

By _____
          Deputy

COMPLAINT FILED    05/12/2016

CMSN130

**EXHIBIT A**



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**May 12, 2016 15:34**

By: MICHAEL L. FINE 0077131

Confirmation Nbr. 750589

| | |
|---|---|
| JEFFREY SONKIN | CV 16 863174 |
| vs. | Judge: |
| ALLY FINANCIAL INC. | |
| | JOHN P. O'DONNELL |

Pages Filed: 6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| JEFFREY M. SONKIN<br>95 W. Orange Hill Circle<br>Orange, OH 44022<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.<br>c/o CT Corporation System<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>Defendant. | CASE NO:<br><br>JUDGE _____<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES PLAINTIFF, **JEFFREY SONKIN** ("Sonkin"), by and through the undersigned counsel, and for his complaint against Defendant, **ALLY FINANCIAL INC.** ("Defendant"), states as follows:

### INTRODUCTION

1. This action is brought for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"), which prohibits calls using automatic telephone dialing systems, or artificial or prerecorded voices, to call cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof. Congress has found that such unwanted automated calls are a "nuisance and an invasion of privacy, regardless of the type of call."

2. This action is also for corollary claims under Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA").

## VENUE AND JURISDICTION

2. Whereas the events and circumstances leading up to and asserted in this Complaint arose in Cuyahoga County, this Court is the proper venue under Civ. R. 3(B)(3).

3. As Defendant transacts business in Ohio and caused tortuous injury to Sonkin in Ohio, Defendant is subject to this Court's personal jurisdiction.

4. Whereas as the laws noted above invest Sonkin with a private cause of action and permit Ohio courts of competent jurisdiction to hear said claims, this Honorable Court has subject jurisdiction of these claims.

## PARTIES

5. Sonkin is, and was at all relevant times herein, a resident of Cuyahoga County, Ohio and is a "consumer" as defined under O.R.C. §1345.01(D).

6. On information and belief, Defendant is a foreign corporation registered to do business in Ohio and engaged in the business of leasing and financing consumer purchases in Ohio and is a "supplier" as defined in O.R.C. § 1345.01(C).

## FACTS.

7. On or about July 12, 2012, Sonkin entered into an Ally SmartLease ("Lease") with Defendant for a 2012 Jeep Grand Cherokee (the "Jeep").

8. The Lease provides that Sonkin is responsible for excessive wear and use of the Jeep. The Lease states, "You may be charged for excessive wear based on our standard for normal use and mileage in excess 17,500 miles per year at rate of $.20 per mile."

9. At the end of the term of the Lease, Sonkin returned the Jeep to Defendant's agent.

2

10. On or about November 5, 2015, Sonkin received a letter from Defendant demanding additional payment from Sonkin for the excessive wear and use of the Jeep in violation of the terms and conditions of the Lease. Sonkin paid the excess mileage fee, and he disputed the fees for alleged damage.

11. Sonkin informed Defendant in writing that he disputed the damage charge and that he believed Defendant's attempts to collect the same violated the terms and conditions of the Lease and the Ohio consumer Sales Practice Act (the "OCSPA").

12. Unheeded, Defendant continued its attempts to collect said charge by calling Sonkin incessantly on his business line and his cellular telephone.

13. On knowledge and belief, Defendant placed these calls using an automatic telephone dialing system and/or using an artificial or prerecorded voice.

14. Sonkin asked Defendant to cease calling and to have only an attorney call him from its legal staff as Mr. Sonkin is also an attorney and informed Defendant of that fact as well.

15. Despite Sonkin's requests, Defendant continued calling Sonkin on his cell phone on a regular basis.

16. Defendant placed at least 30 calls to Sonkin's cell phone.

17. Defendant's incessant and harassing calls have been made for and served no constructive purpose.

18. Defendant's conduct caused Sonkin aggravation, stress and other emotional injury.

19. Sonkin attempted to contact Defendant via an attorney to discuss this matter. However, Defendant's representative refused to discuss the issue of its calls to Sonkin on his cell phone, and she further refused to refer the matter to a supervisor, to Defendant's legal department, or Defendant's compliance department for a response. Rather, Defendant's representative stated

3

that Defendant gets these types of complaints regularly and Defendant will not respond to them absent the filing of a lawsuit.

20. It's is clear in accordance with the facts, events and averments herein, Defendant acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Sonkin's rights and safety.

### FIRST CLAIM FOR RELIEF
(TCPA Violations)

21. Sonkin re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

22. As described above, Defendant made calls to Sonkin's cellular telephone, via an automatic telephone dialing system and/or using an artificial or prerecorded voice, without his express permission.

23. Even if Sonkin had given permission to Defendant to call his cell phone at one time, that authorization was revoked as described above.

24. Thus, Defendant knowingly called Sonkin's cell phone contrary to his expressed desire.

25. Under the TCPA, Defendant is liable to Sonkin for a minimum of $500 for each such unauthorized call to his cell phone and up to $1,500 per call.

### SECOND CLAIM FOR RELIEF
(Violations of the Consumer Sales Practices Act)

26. Sonkin re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

4

27. Defendant committed unfair, deceptive, and/or unconscionable acts and practices, as specified herein and in other ways, in violation of Ohio Revised Code §§1345.02 and 1345.03 prior to, during and/or subsequent to the Lease.

28. Defendant made statements that were false and misleading in violation of the Lease and Ohio Revised Code §§1345.02 and 1345.03.

29. Defendant engaged in acts and practices that violated rules promulgated by Ohio's Attorney General and/or have been determined by Ohio's courts to be in violation of Ohio Revised Code §§1345.02 and 1345.03 and were made after such rules were promulgated and/or such decisions were made available for public inspection.

30. Defendant's statements, acts and practices were made knowingly and/or intentionally.

31. Sonkin has suffered and will continue to suffer damages as a direct and proximate result of Defendant's violations and is also entitled to recovery of statutory damages, fines, penalties, treble damages and attorney's fees and/or is entitled to a rescission of the Lease, a return of consideration and recovery of attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Sonkin prays as follows:

A. That this Court award to Sonkin $1,500 for each call placed by Defendant to his cell phone.

B. That this Court award to Plaintiff the greater or treble actual damages or statutory damages of $200 for each violation of the CSPA.

C. That this Court award to the Plaintiff $5,000 for noneconomic damages pursuant to R.C. 1345.09(B).

D. That this Court award attorney's fees, costs, and interest to Plaintiff pursuant to the CSPA and other applicable law.

E. That this Honorable Court awards to Plaintiff such other and further relief as may be just and equitable.

Respectfully submitted,

s/ Michael L. Fine
Michael L. Fine (0077131)
3684 Silsby Road
University Heights, OH 44118
Phone (216) 320-9950
Fax (216) 320-9953
mfine@ohioconsumerlawyer.com

## JURY DEMAND

Sonkin hereby requests a trial by jury as to all issues of fact in this action.

s/ Michael L. Fine
Michael L. Fine (0077131)
3684 Silsby Road
University Heights, OH 44118
Phone (216) 320-9950
Fax (216) 320-9953
mfine@ohioconsumerlawyer.com